UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| LEROY BUCKNER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 10-36-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| COMMONWEALTH OF KENTUCKY, | ) | |
| DEPARTMENT OF PARKS, TOURISM, | ) | **MEMORANDUM OPINION** |
| ARTS & HERITAGE CABINET, and | ) | **AND ORDER** |
| ROGER BRYANT, II, | ) | |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

Plaintiff Leroy Buckner ("Buckner") filed this action in the Franklin Circuit Court on May 5, 2010, asserting claims under federal and state law. [Record No. 1] Following removal to this Court, Defendant Commonwealth of Kentucky, Department of Parks, Tourism, Arts & Heritage Cabinet ("Department of Parks"), moved the Court to dismiss the federal claim as well as several state law claims. [Record No. 2] Buckner responded by seeking to amend his Complaint to remove the federal claim so that the remaining state law claims could be remanded to the Franklin Circuit Court for resolution. [Record No. 4] The Department of Parks opposes Buckner's motion to amend. [Record No. 8]. It contends that Buckner is attempting to forum shop by removing the federal claim from his Complaint.

Having reviewed the parties' respective positions, the Court will grant the Plaintiff's motion to file an Amended Complaint in accordance with Rule 15 of the Federal Rules of Civil

Procedure. However, the Court will not remand the remaining claims to the Franklin Circuit Court. Instead, the Court will exercise supplemental jurisdiction over these claims. The Defendant's motion to dismiss several of the remaining claims will be addressed after that motion is fully briefed.[1]

The statute authorizing removal, 28 U.S.C. § 1441, provides that an action is removable only if it initially could have been brought in federal court. In determining the appropriateness of remand, the Court also must consider whether federal jurisdiction existed at the time the removing party filed the notice of removal. *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). However, events occurring subsequent to removal which eliminate federal claims or reduce the amount recoverable whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached. *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000); *Ahearn*, 100 F.3d at 453, ("[w]e look at the complaint at the time of removal . . . and determine whether the action was properly removed in the first place").

Buckner does not dispute that this action was properly removed to this Court. Accordingly, he may not divest the Court of jurisdiction by simply amending his original Complaint. Likewise, the Plaintiff recognizes that, once federal claims have been dismissed, the Court has discretion regarding whether it will exercise supplemental jurisdiction over the remaining pendent state law claims. After balancing the respective interests of the parties, the

---

[1] Inasmuch as the state law claims which are the subject of the Defendant's motion have been repeated in the Plaintiff's Amended Complaint, the Defendant will not be required to renew its motion with respect to that pleading. Instead, the Court will consider the pending motion to dismiss as relating to the state law claims contained in the Amended Complaint.

Court finds that it would not be a waste of judicial resources to retain jurisdiction over the remaining claims. While consideration of judicial economy, convenience, fairness, and comity would allow the Court to remand the remaining state law claims, it does not compel such a determination. Having reviewed the issues raised by the Plaintiff's Amended Complaint, this Court will be able to address those matters without undue delay. Further, the remaining factors of convenience to the parties and witnesses, fairness and comity do not weigh in favor or remand. And having decided to exercise its supplemental jurisdiction over these claims, the Court finds it unnecessary to address the parties' arguments regarding forum shopping. Accordingly, it is herby

**ORDERED** as follows:

1. Plaintiff Leroy Buckner's motion to amend his Complaint [Record No. 4] is **GRANTED**. The Clerk of the Court is directed to file the Plaintiff's Amended Complaint previously tendered.

2. Plaintiff Buckner's motion to remand [Record No. 4] is **DENIED**.

This 29th day of July, 2010.

