UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| LEROY BUCKNER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 10-36-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| COMMONWEALTH OF KENTUCKY, | ) | **MEMORANDUM OPINION** |
| DEPARTMENT OF PARKS, TOURISM, | ) | **AND ORDER** |
| ARTS & HERITAGE CABINET and | ) | |
| ROGER BRYANT II, | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the Motion to Dismiss Count VIII of Amended Complaint filed by Defendant Commonwealth of Kentucky Department of Parks, Tourism, Arts and Heritage Cabinet (the "Department of Parks"). [Record No. 16] Having reviewed the parties' arguments and authorities, the Court agrees that Count VIII of Buckner's Amended Complaint is barred by sovereign immunity. Accordingly, the Court will grant the Department of Parks' motion and dismiss Count VIII.

**I.**

The facts of this case are fully set out in the Memorandum Opinion and Order filed August 10, 2010. [Record No. 17, pp. 2–4] In that opinion, the Court dismissed Counts III through VII of Buckner's Amended Complaint because it found that the Department of Parks was entitled to sovereign immunity. [*Id.*, pp. 5–7] In his brief on the first motion to dismiss,

Buckner had argued that the Department of Parks was not entitled to sovereign immunity because, by operating a restaurant within its parks, it was engaged in a proprietary – rather than a governmental – function. [Record No. 10, pp. 9–13] The Court considered but rejected that argument. [*See* Record No. 17, pp. 6–7] The Court examined the Department's statutory authority and concluded that the Department of Parks performs a governmental function. [*Id.*, p. 7] The Court further explained that "[w]hen viewed as a whole, the Department of Parks is a state entity that carries out a function integral to state government. As an agency of the Commonwealth of Kentucky performing a governmental function, the Department of Parks is entitled to sovereign immunity unless such is waived by the state." [*Id.*] Because such waiver had not occurred with respect to the claims contained in Counts III through VII of Buckner's Amended Complaint, the Court dismissed those claims. [*Id.*] The Department of Parks now moves the Court to dismiss Count VIII on the same ground.

**II.**

Under Rule 12 of the Federal Rules of Civil Procedure, a court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff's factual allegations present plausible claims. *See Bowman v. United States*, 304 F. App'x 371, 374 (6th Cir. 2008). However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009). "Factual allegations contained in a complaint must raise a right to relief above the speculative level." *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). In other words, a plaintiff's

arguments "require[] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Heightened fact pleading of specifics is not required — only enough facts to state a claim to relief that is plausible on its face. *See Bassett*, 528 F.3d at 426. "Stated differently, a complaint should be dismissed under the Rule only if there is not law to support the claims, if the alleged facts are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief." *Young v. Whitley Cnty. Det. Ctr.*, No. 09-290, U.S. Dist. LEXIS 40811, at *7 (E.D. Ky. Apr. 22, 2010) (citing *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978); *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976)).

### III.

Count VIII of Buckner's Amended Complaint asserts a cause of action for violations of the Kentucky Constitution. [Record No. 13, pp. 15–16] In its current motion, the Department of Parks argues that the Court should additionally dismiss Count VIII of Buckner's Amended Complaint because the Commonwealth has not waived its immunity as to the claims contained in that count. [Record No. 16-1, p. 2–3] In response, Buckner asserts that the Department of Parks was engaged in a proprietary function and is not entitled to sovereign immunity. [Record No. 18, pp. 1–4] Additionally, he argues that the actions by the Department of Parks violate the Kentucky Food, Drug and Cosmetic Act and that the Commonwealth has waived immunity for violations of that statute. [*Id.*, pp. 5–6]

The Court has already answered the question of whether the Department of Parks engages in a governmental or proprietary function merely by operating a restaurant in a park.

[*See* Record No. 17, p. 6–7]  Despite that holding, Buckner attempts to re-argue that the Department of Parks was engaged in a proprietary function.  When a motion raises issues that have already been decided by the Court, the law-of-the-case doctrine bars the Court from reconsidering those issues.  *See Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006) ("The law of the case doctrine provides that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case.'" (quoting *Scott v. Churchill*, 377 F.3d 565, 569–70 (6th Cir. 2004))).  Therefore, the Court's previous decision that the Department of Parks was not primarily engaged in a propriety function governs that same issue here.  As before, "the Department of Parks is entitled to sovereign immunity unless such is waived by the state."  [Record No. 17, p. 7]

Buckner next argues that the General Assembly waived sovereign immunity through the Kentucky Food, Drug, and Cosmetic Act (FDCA), Ky. Rev. Stat. (K.R.S.) § 217.005, *et seq.* [Record No. 18, p. 6 ("By inclusion of all public entities within the definition of person, and inclusion of all 'public organizations or institutions routinely serving food' among 'food service establishments' the legislature has clearly waived sovereign immunity with regard to the Commonwealth, as well as the Department of Parks, in situations such as that presented herein.")]  In essence, Buckner claims that because the legislature subjected both public and private food-service establishments to the food-safety regulations in the FDCA, it waived sovereign immunity for suits involving food service.  Buckner's argument fails for a number of reasons.

First, the FDCA does not create a private right of action. Buckner argues that the Department of Parks engaged in "prohibited acts" under KRS § 217.175 by, *inter alia*, "offering for sale . . . any food . . . that is adulterated." [*See* Record No. 18, p. 6 (citing KRS § 217.175 (1), (2), (3))] Even assuming Buckner's allegations are true, the penalty for such acts would be a misdemeanor conviction and an administrative fine. *See* KRS § 217.992. Enforcement of these regulations is vested in the Cabinet for Health and Family Services, *see* K.R.S. §§ 217.155, 217.195, and local prosecuting attorneys, *see* KRS § 217.185. The legislature did not create a private cause of action or assign civil remedies for violation of the food-service regulations and, thus, did not waive sovereign immunity for such violations.

Second, Count VIII of Buckner's Amended Complaint seeks to assert a cause of action under the Kentucky Constitution, not the FDCA. [*See* Record No. 13, p. 15] Buckner presents no authority which supports the claim that the FDCA waived sovereign immunity for *constitutional* claims. Further, Kentucky case law indicates that, absent a specific waiver, the Commonwealth and its departments are immune from constitutional suits under Section 231 of the Kentucky Constitution. *See, e.g.*, *Wood v. Bd. of Educ.*, 412 S.W.2d 877, 879 (Ky. 1967) (dismissing claims brought under Sections 2, 14, and 16 of the Kentucky Constitution); *Clevinger v. Bd. of Educ.*, 789 S.W.2d 5, 11 (Ky. 1990) (dismissing claims brought under Sections 1, 2, and 8).

Buckner's Amended Complaint does not identify which section of the Kentucky Constitution the Department of Parks allegedly violated. *Cf. Levinson v. Mucker*, 289 F. Supp. 2d 848, 854 (W.D. Ky. 2003) (dismissing state constitutional claims because the plaintiff

"fail[ed] to identify which rights under the state constitution have been violated and what legal mechanism she will use to vindicate Levinson's civil rights under the state constitution"). Further, he has not identified any statute that waives sovereign immunity as to such violations. Thus, the Court finds that the Department of Parks is entitled to sovereign immunity, which the General Assembly has not waived in these circumstances.

## IV.

Count VIII of Buckner's Amended Complaint, on its face, is barred by sovereign immunity. Accordingly, it is hereby

**ORDERED** that Defendant Commonwealth of Kentucky, Department of Parks, Tourism, Arts & Heritage Cabinet's Motion to Dismiss Count VIII of the First Amended Complaint [Record No. 16] is **GRANTED**.

This 24th day of February, 2011.



Signed By:
*Danny C. Reeves* DCR
United States District Judge