UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| LEROY BUCKNER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 10-36-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| COMMONWEALTH OF KENTUCKY, | ) | **MEMORANDUM OPINION** |
| DEPARTMENT OF PARKS, TOURISM, | ) | **AND ORDER** |
| ARTS & HERITAGE CABINET and | ) | |
| ROGER BRYANT II, | ) | |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

This matter is before the Court for consideration of Plaintiff Leroy Buckner's motion to amend his complaint. [Record No. 34] Buckner seeks leave to add a claim of public accommodation discrimination under Title II of the Civil Rights Act of 1964. The defendants maintain that Buckner's proposed amendment is futile and should not be allowed. They contend that Buckner has not exhausted his administrative remedies and that the Court lacks jurisdiction to hear a Title II claim. Additionally, they argue that the new claim would be barred in light of the Court's previous dismissal of a similar claim under state law. The Court agrees on both points and, therefore, will deny Buckner's motion.

**I.**

The facts underlying this case have been set out in earlier opinions. For purposes of the current motion, a brief summary will suffice. Buckner is an African-American male employed

-1-

by the Commonwealth of Kentucky as a State Park Ranger Captain. He is responsible for supervision and oversight of State Park Rangers in the western portion of Kentucky. Buckner's area of responsibility includes Barren River Lake State Resort Park, which is operated by the Department of Parks, an agency of the Commonwealth of Kentucky. Defendant Roger Bryant was employed as a cook at Barren River Lake State Resort Park at times relevant to this action.

Buckner alleges that he suffered racial discrimination and retaliation at Barren River Lake State Resort Park, including particularly egregious acts by Bryant. [*See* Record No. 13, pp. 3-5 ¶¶ 10-17.] In his First Amended Complaint, Buckner asserted a claim of public accommodation discrimination under Kentucky Revised Statutes ("KRS") section 344.120. [*Id.*, pp. 8-9 ¶¶ 32-39] The Court granted the Department of Parks' motion to dismiss that claim (among others) in a Memorandum Opinion and Order entered August 10, 2010, concluding that the Department could not be held vicariously liable for Bryant's alleged actions because they were "well outside the scope of his employment." [Record No. 17, p. 9; *see id.*, pp. 7-11] Based on that dismissal, Buckner now seeks leave to add a federal claim of public accommodation discrimination.

## II.

In Buckner's view, the Court's previous ruling amounted to a declaration "that Kentucky's anti-discrimination statute affords [him] no protection, and does not govern the circumstances surrounding [his] public accommodation discrimination claims." [Record No. 34, p. 3] Therefore, he argues that "Kentucky has 'no State or local law prohibiting such act or practice,' and [he] is entitled to proceed with his claims under 42 U.S.C. § 2000a without the requisite exhaustion of administrative remedies." [*Id.*, pp. 3-4 (quoting 42 U.S.C. § 2000a-3(d))]

Buckner misinterprets the Court's ruling and the plain language of section 2000a-3. The latter provides that where a state has a law prohibiting discrimination in public accommodations, plaintiffs must first provide notice of their claims to the state or local entity authorized to address such claims. 42 U.S.C. § 2000a-3(c). In other words, "'[p]laintiffs are required to first avail themselves of the state administrative remedies before proceeding in federal court.'" *Jackson v. Murray State Univ.*, No. 5:11-CV-000240R, 2011 U.S. Dist. LEXIS 76167, at *12 (W.D. Ky. July 13, 2011) (alteration in original) (quoting *Halton v. Great Clips, Inc.*, 94 F. Supp. 2d 856, 861 (N.D. Ohio 2000)). This notification requirement is jurisdictional. *Id.* at *12-13. Thus, if there is "a State or local law prohibiting" acts of discrimination covered by Title II, then Buckner was required to exhaust his state administrative remedies before filing a Title II public accommodation claim, and the Court would lack jurisdiction to hear any such claim.

Kentucky does indeed have a law prohibiting public accommodation discrimination: KRS § 344.120.[1] Contrary to Buckner's assertion, the Court's previous ruling was not that state law provides no cause of action for such discrimination. Instead, Buckner's claim under section 344.120 failed because he sought to hold the Department of Parks vicariously liable for acts that were outside its employee's scope of employment. [*See* Record No. 17, pp. 8-11.] Because

---

[1] Section 344.120 provides that "it is an unlawful practice for a person to deny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, resort, or amusement . . . on the ground of disability, race, color, religion, or national origin." KRS § 344.120. Likewise, pursuant to section 201 of the Civil Rights Act of 1964, "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a); *see also* § 2000a-2 (prohibiting deprivation of the right to be free of discrimination in public accommodations).

Kentucky has a law that parallels the prohibitions set out in Title II, Buckner may not pursue a federal public accommodation discrimination claim without first notifying the Kentucky Human Rights Commission. *See* 42 U.S.C. § 2000a-3(c); *Jackson*, 2011 U.S. Dist. LEXIS 76167, at *12-13. Since he has not provided such notification, this Court lacks jurisdiction to hear his proposed Title II claim. *See Jackson*, 2011 U.S. Dist. LEXIS 76167, at *12-13.

In any event, the proposed claim could not survive a motion to dismiss for the same reason that Buckner's state-law public accommodation claim failed. Although Buckner asserts that "[u]nder the [f]ederal public accommodation anti-discrimination laws, no limitation of liability based upon 'scope of employment' is identified," he cites several cases in which federal courts analyzed the issue of vicarious liability using the scope-of-employment test. [*See* Record No. 36, p. 2; *see id.*, p. 4 (citing *Arguello v. Conoco, Inc.*, 207 F.3d 803, 810 (5th Cir. 2000) (applying scope-of-employment test to public accommodation discrimination claim under 42 U.S.C. § 1981); *Bowen v. Rubin*, 385 F. Supp. 2d 168, 180 (E.D.N.Y. 2005) (applying scope-of-employment test to public accommodation claims under Americans with Disabilities Act); *Dobson v. Cent. Carolina Bank & Trust Co.*, 240 F. Supp. 2d 516, 523 n.4 (M.D.N.C. 2003) (analyzing race-discrimination claims under 42 U.S.C. §§ 1981 and 1982 and concluding that the "[p]laintiff sufficiently alleged that Defendant Central Carolina Bank and Trust Company is vicariously liable for Defendant Fox's actions because, at all times relevant to the action, she was an employee of [the bank] who was acting within the normal course and scope of her

employment")).] Thus, to the extent Buckner contends that the scope-of-employment test would not apply equally to his proposed federal claim, he is mistaken.²

### III.

The Court may properly deny a motion for leave to amend if the proposed amendment would be futile. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 519 (6th Cir. 2010) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). As explained above, Buckner's proposed amendment could not survive a motion to dismiss. *Cf. id.* Accordingly, it is hereby

**ORDERED** that Buckner's motion for leave to amend his complaint [Record No. 34] is **DENIED**.

This 12th day of March, 2012.



Signed By:
*Danny C. Reeves* DCR
United States District Judge

---

²For the same reason, the Court rejects Buckner's suggestion, with respect to exhaustion of administrative remedies, that he is exempt from Title II's notification provision because the scope-of-employment test does not apply to federal public accommodation claims. [*See* Record No. 36, pp. 2-3]